Filing # 9281968 Electronically Filed 01/17/2014 11:42:25 AM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

BRIAN SALTER,
Plaintiff,

vs.

CASE NO.:

DIVISION:

CHIPOTLE MEXICAN GRILL, INC.,
Defendant.
_____/

## COMPLAINT

Plaintiff, BRIAN SALTER, sues Defendant, CHIPOTLE MEXICAN GRILL, INC., and states as follows:

### GENERAL ALLEGATIONS

1. Defendant, Chipotle Mexican Grill, Inc., ("Defendant"), is a foreign corporation engaged in business in Hillsborough County, Florida.

2. Plaintiff, Brian Salter ("Plaintiff"), is a former employee of Defendant and is a resident of Hillsborough County, Florida.

3. At all times relevant, Plaintiff was an employee of Defendant at 7002 Gunn Highway, Tampa, Florida.

4. The amount in controversy exceeds fifteen thousand dollars ($15,000.00) but is less than (75,000.00).

5. Plaintiff has exhausted all administrative remedies by filing charges with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") and has filed suit within one (1) year of obtaining a "Cause Determination" from the FCHR on October 16, 2013.

6. At all times relevant hereto, Defendant employed more than fifteen (15) regular

employees.

7. Plaintiff began his employment with Defendant on September 17, 2006 working at the USF-Fowler restaurant.

8. Plaintiff was passed over for management several times, as Defendant promoted less qualified non-African American employees who Plaintiff trained.

9. Because of Plaintiff's stellar performance, eventually he was promoted to the position of Kitchen Manager then Service Manager.

10. Finally, Plaintiff was promoted to the position of Apprentice at the Gunn Highway restaurant.

11. Right away, it was apparent that the Gunn Highway restaurant had issues, and Plaintiff began to pick up the slack.

12. Plaintiff performed well at the Gunn Highway restaurant and received many compliments from co-workers and customers.

13. However, when Pablo Mardones became the area team lead at the Gunn Highway restaurant, Plaintiff began to be subject to discrimination, harassment and disparate treatment because of race and color (African American).

14. Plaintiff complained to Regional Director Barry Koch regarding the discrimination, harassment and disparate treatment but the treatment did not end.

15. Plaintiff again made a complaint stating Mr. Mardones had a problem with Plaintiff because of the color of Plaintiff's skin.

16. After the complaints made by the Plaintiff, Mr. Mardones terminated Plaintiff's employment, allegedly for not upholding company standards.

17. Plaintiff did not receive any discipline previous to Defendant terminating his employment.

18. Defendant subjected Plaintiff to disparate work rules, harassment and hostility,

Page 2

worse terms and conditions of employment and terminated his employment because of his race and color.

19. Defendant subjected Plaintiff to disparate work rules, harassment and hostility, worse terms and conditions of employment and terminated Plaintiff's employment because he engaged in protected activity by complaining about the race and color discrimination and harassment to which Defendant subjected him.

20. Defendant did not terminate the employment of non-African Americans whose work performance was worse than Plaintiff.

21. Defendant did not terminate the employment of other employees who had not engaged in protected activity and had worse work performance than Plaintiff.

### Count I
### Race and Color Discrimination -FCRA

22. Plaintiff realleges paragraphs 1-21 as if fully alleged herein.

23. This is an action brought pursuant to the Florida Civil Rights Act, Florida Statute Section 760, *et. seq.* ("FCRA"). This Court has jurisdiction and such jurisdiction is invoked to secure protection of and redress deprivation of rights guaranteed by state law, which rights provide for injunction and other relief for illegal discrimination in employment.

24. Defendant, through its agents or supervisors, engaged in unlawful discrimination in violation of the FCRA based on Plaintiff's race and color when it subjected Plaintiff disparate work rules, harassment and hostility, worse terms and conditions of employment and terminated Plaintiff's employment for alleged conduct other similarly situated non-African also engaged but were not disciplined or terminated.

25. Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 8-21.

26. Defendant violated the FCRA by failing to adequately supervise, control,

discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 8-21.

27.     Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

28.     Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against him which are not yet fully known. At such time as said discriminatory practices become known to him, Plaintiff will seek leave of Court to amend this Complaint in that regard.

29.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

30.     As a further direct and proximate result of Defendant's violation of the FCRA, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

31.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with fraud, oppression and malice, with a conscious disregard for his rights and with the intent, design and purpose of injuring him. Plaintiff is further informed and believes that Defendant, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of its

employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

32. Plaintiff demands trial by jury on all issues so triable.

Wherefore, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre and post judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

## Count II
### Retaliation – FCRA

33. Plaintiff realleges his allegations in paragraphs 1-21 as if fully alleged herein.

34. This is an action brought pursuant to the Florida Civil Rights Act, Florida Statute Chapter 760 § *et. seq.* ("FCRA"). This Court has jurisdiction and such jurisdiction is invoked to secure protection of and redress deprivation of rights guaranteed by state law, which rights provide for injunction and other relief for illegal retaliation in employment.

35. Plaintiff complained to Defendant regarding the race and color discrimination and harassment to which he was subjected. Plaintiff's complaints constituted protected activity under the FCRA.

36. Defendant moreover engaged in retaliation against Plaintiff after he engaged in protected activity by subjecting Plaintiff to disparate work rules, harassment and hostility, worse terms and conditions of employment and terminating Plaintiff's employment.

37. Defendant, at all times, had actual and constructive knowledge of the conduct described in paragraphs 8-21.

38. Defendant violated the FCRA by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 8-21.

39. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate retaliation from the workplace and to prevent it from occurring in the future.

40. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other retaliatory practices against him which are not yet fully known. As such retaliatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

41. As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against him, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to proven at trial.

42. As a further, direct and proximate result of Defendant's violation of the FCRA as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of his employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

43. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant as described above was done with malice, fraud and oppression, with conscious disregard for his rights and with the intent, design and purpose of injuring him. Defendant, through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from the Defendant in a sum according to proof at trial.

Wherefore, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement) and damages for emotional distress, pain and suffering and mental anguish, punitive damages, pre and post judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

Dated: January 17, 2014.

Respectfully Submitted,

/s/ Darren D. McClain
DARREN D. MCCLAIN, ESQUIRE
FBN: 385034
darrenmcclain@aol.com
Nelson, Bisconti & McClain L.L.C.
1005 N. Marion St.
Tampa, Florida 33602
(813) 221-0999 • (813) 314-9626 Fax
Attorneys for the Plaintiff